UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

C.A. NO.

CA 06 165

| | |
|---|---|
| CARLOS MENDOZA, PLAINTIFF | * |
| V. | * |
| NEWPORT FISH MARKET, LLC, AS OWNER OF THE F/V HOPE, DEFENDANT. | * |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Now comes the Plaintiff in the above-entitled matter and says:

**I. GENERAL FACTUAL ALLEGATIONS**

1. The Plaintiff, Carlos Mendoza, is a resident of Warren, Rhode Island.

2. The Defendant, Newport Fish Market, LLC ("Newport Fish"), is a corporation duly organized and existing under the laws of the State of Maine which maintains its principal place of business at 86 Elm Street, Newport, Maine.

3. On or about July 1, 2005, Newport Fish was doing business within the State of Rhode Island.

4. On or about July 1, 2005, the Plaintiff was employed by Newport Fish.

5. On or about July 1, 2005, the Plaintiff was employed by Newport Fish as a seaman and a member of the crew of the F/V Hope.

6. On or about July 1, 2005, Newport Fish owned the F/V Hope.

7. On or about July 1, 2005, Newport Fish or its agents, servants and/or employees operated the F/V Hope.

8. On or about July 1, 2005, Newport Fish or its agents, servants, and/or employees, controlled the F/V Hope.

9. On or about July 1, 2005, the F/V Hope was in navigable waters.

10. On or about July 1, 2005, while in the performance of his duties in the service of the F/V Hope, the Plaintiff, Carlos Mendoza, sustained personal injuries.

11. Prior to and at the time he sustained the above mentioned personal injuries, the Plaintiff, Carlos Mendoza, was exercising due care.

## II. JURISDICTION

12. This Court has jurisdiction of this matter pursuant to The Merchant Marine Act of 1920, 46 U.S.C., Sec. 688 **et seq.**

13. This Court has jurisdiction of this matter pursuant to Article III Section 2 of the United States Constitution; the General Maritime Law; and 28 U.S.C., Sec. 1331.

## III. CAUSES OF ACTION

### COUNT I

(JONES ACT NEGLIGENCE)

14. The Plaintiff, Carlos Mendoza, reiterates the allegations set forth in paragraphs 1 through 13 above.

15. The personal injuries sustained by the Plaintiff, Carlos Mendoza, were not caused by any fault on his part but were caused by the fault and negligence of the Defendant, its agents or servants as follows:

a. failure to use due care to provide and maintain a seaworthy vessel with safe and proper appliances;

b. failure to use due care and make reasonable and periodic inspection of the said vessel, its equipment and appliances;

c. failure to use due care to furnish the Plaintiff with a reasonably safe place in which to perform his work;

d. failure and negligence of fellow employees; and

e. failure and negligence in other respects that will be shown at trial.

16. As a result of said injuries, the Plaintiff, Carlos Mendoza, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical and hospital expenses, and has sustained and will sustain other damages as will be shown at trial.

17. This cause of action is brought under Merchant Marine Act of 1920, commonly called the Jones Act.

**WHEREFORE,** the Plaintiff, Carlos Mendoza, demands judgment against the Defendants, Newport Fish Market, LLC in the amount of ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000.00)DOLLARS, together with interest and costs.

**COUNT II**

(GENERAL MARITIME LAW - UNSEAWORTHINESS)

18. The Plaintiff, Carlos Mendoza, reiterates the allegations set forth in paragraphs 1 through 13 above.

19. The personal injuries sustained by the Plaintiff, Carlos Mendoza, were due to no fault of his, but were caused by the unseaworthiness of the F/V Hope.

20. As a result of said injuries, the Plaintiff, Carlos Mendoza, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical and hospital expenses, and has sustained and will sustain other damages as will be shown at trial.

21. This cause of action is brought under General Maritime Law for Unseaworthiness.

**WHEREFORE,** the Plaintiff, Carlos Mendoza, demands judgment against the Defendant, Newport Fish Market, LLC, in the amount of ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000.00) DOLLARS, together with interest and costs.

**COUNT III**

**(GENERAL MARITIME LAW - MAINTENANCE and CURE)**

22. The Plaintiff, Carlos Mendoza, reiterates the allegations set forth in Paragraphs 1 through 13 above.

23. As a result of the personal injuries described above, the Plaintiff, Carlos Mendoza, has incurred and will continue to incur expenses for his maintenance and cure.

**WHEREFORE,** the Plaintiff, Carlos Mendoza, demands judgment against the Defendant, Newport Fish Market, LLC, in the amount of TWO HUNDRED AND FIFTY THOUSAND ($250,000.00) DOLLARS, for maintenance and cure, together with costs and interest.

**COUNT IV**

**(GENERAL MARITIME LAW/JONES ACT - INTENTIIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE and CURE)**

24. The Plaintiff, Carlos Mendoza, reiterates the allegations set forth in paragraphs 1 through 13 above.

25. As a result of the personal injuries described above, the Plaintiff, Carlos Mendoza, has incurred and will continue to incur expenses for his maintenance and cure.

26. The Plaintiff, Carlos Mendoza, has made demand upon the Defendant for the provision of maintenance and cure.

27. The Defendant has negligently, willfully, arbitrarily, and/or unreasonably failed to provide the Plaintiff with his maintenance and cure in a timely and adequate manner.

28. As a result of the Defendant's failure to provide the Plaintiff maintenance and cure, the Plaintiff has sustained and will continue to sustain damages, including, without limitation, pain of body and anguish of mind, lost time from his usual work and pursuits, medical and hospital expenses, attorneys fees, and has sustained and will sustain other damages as will be shown at trial.

**WHEREFORE,** the Plaintiff, Carlos Mendoza, demands judgment against the Defendant, Newport Fish Market, LLC, in the amount of TWO HUNDRED AND FIFTY THOUSAND ($250,000.00) DOLLARS, as compensatory damages for failure to pay maintenance and cure, together with costs, interest, and reasonable attorneys fees.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

**RAISED IN COUNTS, I, II, III, AND IV.**

Respectfully submitted,
Plaintiff,
Carlos Mendoza, by his Attorney,

Kevin Donius, Esquire
Law Offices of Kevin Donius, P.C.
500 Granite Avenue
Milton, MA 02186
TEL (617) 296-4900
FAX (617) 696-6704
BBO # 551298

Robert T. Karns, Esquire
Karns Law Group
809 Acquidneck Avenue
Middletown, RI 02842
TEL (401) 841-5300
FAX (401) 846-5999

Dated: December 15, 2005