**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Carlos Mendoza,<br>Plaintiff, | ) | CIVIL ACTION NO. 06-CV-0016-S-DLM |
| v. | ) | |
| Newport Fish Market, LLC<br>Defendant | ) | |

**DEFENDANT NEWPORT FISH MARKET'S ANSWER TO COMPLAINT**

NOW COMES Defendant, Newport Fish Market, LLC, by and through its counsel, William T. Murphy, and Answers the Complaint as follows:

## I. GENERAL FACTUAL ALLEGATIONS

1. Denies knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 1 of the Complaint.

2. Admit the matters alleged in Paragraph 2 of the Complaint.

3. Deny the matters alleged in Paragraph 3 of the Complaint, except admit that the vessel had berthing space within the State of Rhode Island.

4. Admit the matters alleged in Paragraphs 4, 5, 6, 7, 8 and 9 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the matters alleged in Paragraph 10 of the Complaint.

6. Deny the matters alleged in Paragraph 11 of the Complaint.

## II. JURISDICTION

7. With respect to Paragraphs 12 and 13 of the Complaint, it calls for a conclusion of law and therefore no answer is necessary. To the extent an answer is necessary, deny the allegations contained in Paragraphs 12 and 13 of the Complaint.

## III. CAUSES OF ACTION

COUNT 1
(Jones Act Negligence)

8. In answer to Paragraph 14 of the Complaint, Defendant reiterates each and every allegation contained in Paragraphs 1 through 8 as if fully set forth at length herein.

9. Deny the matters alleged in Paragraphs 15 and 16 of the Complaint.

10. Paragraph 17 states a conclusion of law to which no answer is necessary. To the extent an answer is necessary, deny the same.

WHEREFORE:

The Defendants demands:

a) that judgment be issued against the Plaintiff, in favor of the Defendant, awarding costs and attorney's fees to Defendant.

b) That Defendant be awarded such other and further relief as this Court deems just and proper.

COUNT II
(General Maritime Law - Unseaworthiness)

11. In answer to Paragraph 18 of the Complaint, Defendant reiterates each and every allegation contained in Paragraphs 1 through 11 as if fully set forth at length herein.

12. Deny the matters alleged in Paragraphs 19 and 20 of the Complaint.

13. Paragraph 21 calls for a conclusion of law and therefore no answer is necessary. To the extent an answer is necessary, deny the matters alleged in Paragraph 21 of the Complaint.

WHEREFORE:

The Defendants demands:

a) That judgment be issued against the Plaintiff, in favor of the Defendant, awarding costs and attorney's fees to Defendant.

b) That Defendant be awarded such other and further relief as this Court deems just and proper.

COUNT III
(General Maritime Law - Maintenance and Cure)

14. In answer to Paragraph 22 of the Complaint, Defendant reiterates each and every allegation contained in Paragraphs 1 through 13 as if fully set forth at length herein.

15. Deny the matters alleged in Paragraph 23 of the Complaint.

WHEREFORE:

The Defendants demands:

a) That judgment be issued against the Plaintiff, in favor of the Defendant, awarding costs and attorney's fees to Defendant.

b) That Defendant be awarded such other and further relief as this Court deems just and proper.

COUNT IV
(General Maritime Law/Jones Act – Intentional/Negligent Failure to Provide Maintenance and Cure)

16. In answer to Paragraph 24 of the Complaint, Defendant reiterates each and every allegation contained in Paragraphs 1 through 15 as if fully set forth at length herein.

17. Deny the matters alleged in Paragraphs 25, 26, 27 and 28 of the Complaint.

WHEREFORE:

The Defendants demands:

a) That judgment be issued against the Plaintiff, in favor of the Defendant, awarding costs and attorney's fees to Defendant.

b) That Defendant be awarded such other and further relief as this Court deems just and proper.

DEFENDANT'S AFFIRMATIVE DEFENSES TO COUNTS I, II, III and IV

18. Plaintiff has failed to state a claim upon which relief can be granted.

19. This Court does not have personal jurisdiction over Defendant.

20. Venue is improper.

21. Plaintiff has failed to mitigate his damages.

22. Plaintiff's claim is barred by his own contributory negligence, which resulted in his injuries, and/or if Defendant is found liable, which is denied, any damages should be reduced in proportion to Plaintiff's own negligence, which contributed to and/or caused his alleged injury.

23. If Plaintiff suffered any damages, which is denied, those damages were caused and/or contributed to by a separate, independent and/or intervening occurrence, and/or force major for which Defendant is not liable.

24. Defendant is entitled to exoneration and/or limitation of liability pursuant to 46 U.S.C. §183 et seq.

WHEREFORE:

The Defendants demands:

a) That judgment be issued against the Plaintiff, in favor of the Defendant, awarding costs and attorney's fees to Defendant.

**b) That Defendant be awarded such other and further relief as this Court deems just and proper.**

Dated: June 6, 2006

William T. Murphy, Esq. (#1201)
Counsel for Defendant
William T. Murphy Law Offices, Inc.
312 Turks Head Building
P.O. Box 9623
Providence, RI 02940-9623
(401) 744-2336
Fax: (401) 751-5931
Email: wtm@wtmurphy.com

CERTIFICATE OF SERVICE

**I certify that on June 6, 2006 I served a copy of the above Answer upon counsel of record by mail addressed to counsel of record as follows:**

Kevin Donius, Esq.
500 Granite Avenue
Milton, MA 02186

And

Robert T. Karns, Esq.
809 Acquidneck Avenue
Middletown, RI
02842