**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

**C.A. NO. 06-16S**

| | |
|---|---|
| **CARLOS MENDOZA,**<br>**PLAINTIFF**<br><br>**V.**<br><br>**NEWPORT FISH MARKET, LLC, AS OWNER OF THE F/V HOPE,**<br>**DEFENDANT.** | **PLAINTIFF'S STATEMENT OF ELEMENTS OF PROOF** |

The Plaintiff, Carlos Mendoza, has filed a Complaint containing four separate causes of action: (1) Jones Act negligence; (2) Unseaworthiness; (3) Maintenance and Cure; and (4) Intentional/Negligent Failure To Provide Maintenance and Cure. The following is a statement of the elements necessary to sustain such causes of action.

## I. Jones Act Negligence

In order to sustain a Jones Act negligence case, the Plaintiff must prove that (1) he is a seaman, (2) he suffered personal injury in the course of his employment, (3) the Defendant was negligent, and (4) the Defendant's negligence played a part, however slight, in causing the Plaintiff's injuries. The Jones Act, 46 U.S.C. §688.

## II. Unseaworthiness

In order to sustain a claim for unseaworthiness, the Plaintiff must show that he, a seaman, sustained injuries as a result of a defective condition of the ship, its equipment or appurtenances. The Osceola, 189 U.S. 158, 23 S. Ct. 483, 47 L. Ed. 760 (1903); Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S. Ct. 926, 4 L. Ed. 2d 941 (1960). Unseaworthiness may also consist of using a dangerous or unsafe method of operating otherwise seaworthy equipment. Waldron v. Moore-McCormick Lines, Inc., 386 U.S. 724, 87 S. Ct. 1410, 18 L. Ed. 7d 482 (1967).

## III. Maintenance and Cure

To sustain a claim for maintenance and cure, the Plaintiff must show that he suffered illness or injury in the service of the vessel. Warren v. United States, 340 U.S. 523, 71 S. Ct. 432, 95 L. Ed. 503 (1951).

Maintenance is the right of a seaman to food and lodging if he falls ill or becomes injured while in the service of a ship. Calmer SS. Corp. v. Taylor, 303 U.S. 525, 527, 58 S.Ct. 651, 653, 82 L.Ed. 993 (1938), motion denied 59 S.Ct. 56 (1938).

“Cure” is the right to necessary medical services. Vella v. Ford Motor Co., 421 U.S. 1, 95 S.Ct. 1381, 43 L.Ed. 2d 682

(1975).

## IV. Negligent/Intentional Failure To Pay Maintenance and Care

To sustain a claim for negligent failure to pay maintenance and cure, the Plaintiff must show that the Defendant unreasonably failed to pay maintenance and cure when due. Morales v. Garijak, Inc., 829 F. 2d 1355, 1988 AMC 1075 (5th Cir. 1987).

To sustain a claim for intentional failure to pay maintenance and cure, the Plaintiff must show that the Defendant arbitrarily, willfully, or capriciously failed to pay maintenance and cure when due. Morales v. Garijak, Inc., 829 F. 2d 1355, 1988 AMC 1075 (5th Cir. 1987).

The Plaintiff,
Carlos Mendoza,
By his attorney,

Kevin Donius, Esq.
BBO #551298
Law Offices of Kevin Donius, P.C.
500 Granite Avenue
Milton, MA 02186
Tel: (617) 296-4900
Fax: (617) 696-6704

___________________________________
Joshua R. Karns, Esq. #:7086
Karns Law Group
6 Valley Road
Middletown, RI 02842
(T) 401-841-5300
(F) 401-846-5999

Dated: July 25, 2006