**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

**C.A. NO. 06-16-S**

```
**************************
CARLOS MENDOZA,          *
     PLAINTIFF           *
                         *
V.                       *
                         *
NEWPORT FISH MARKET,     *
LLC, AS OWNER OF THE     *
F/V HOPE,                *
     DEFENDANT.          *
**************************
```

# PLAINTIFF'S PRETRIAL MEMORANDUM

## I. Statement of What the Plaintiff Expects the Evidence Will Show

On July 1, 2005, the Plaintiff, Carlos Mendoza, was employed as a seaman and crewmember of the F/V Hope, a 35-foot scalloper owned, operated, and controlled by the Defendant, Newport Fish Market, LLC. Mr. Mendoza sustained a serious injury to his right, dominant hand when the Captain, David Raposa, who was operating the winch which raised and lowered the steel net full of scallops, dropped the net onto Mr. Mendoza's hand which was holding the ship's rail. Captain Raposa was scalloping in heavy winds which were blowing the steel net and causing it to move erratically. Captain Raposa negligently dropped the bag onto the rail and onto Mr. Mendoza's hand.

Mr. Mendoza's middle finger was badly broken and required surgery. The movement of his finger is extremely limited and he is unable to make a fist.

The Defendant willfully failed to pay Mr. Mendoza's maintenance and his medical bills which total $6,828.00.

**II. List of Witnesses**

1. Carlos Mendoza, Plaintiff
78 Arlington Avenue
Warren, RI 02885

Mr. Mendoza is expected to testify regarding the manner in which he was injured, his injuries and medical treatment, the limitations caused by his injuries, and the Defendant's failure to pay maintenance and cure. Mr. Mendoza will also testify regarding his personal and vocational history and the limitations his injury imposes on his ability to work and earn income.

2. Deborah Mendoza
78 Arlington Avenue
Warren, RI 02885

Mrs. Mendoza is Mr. Mendoza's wife. She is expected to testify regarding Mr. Mendoza's injuries and the effects it has on his ability to work, perform household chores, and participate in recreational activities with his family.

3. David L. Raposa, Captain of the F/V Hope and Owner of
Newport Fish Market, LLC
204 Market Street
Warren, RI 02885

Captain Raposa is expected to testify regarding Mr. Mendoza's employment as a crew member abroad the F/V Hope, the manner in which Mr. Mendoza was injured, and to admit that the Defendant failed to pay the maintenance and cure to which the Plaintiff is entitled.

4. Kathleen Stanzione, Crew member of F/V Hope
204 Market Street
Warren, RI 02885

Ms. Stanzione is expected to testify regarding Mr. Mendoza's employment as a crew member abroad the F/V Hope, the manner in which Mr. Mendoza was injured, and to admit that the Defendant failed to pay the maintenance and cure to which the Plaintiff is entitled.

5. Alvaro Linears, Crew member of F/V Hope

Mr. Linears is expected to testify regarding the manner in which Mr. Mendoza was injured.

6. Freddie Linears, Crew member of F/V Hope

Mr. Linears is expected to testify regarding the manner in which Mr. Mendoza was injured.

Plaintiff reserves the right to supplement this list with rebuttal witnesses.

7. Denis E. Jones, M.D.
Newport Hospital
11 Friendship Street
Newport, RI 02840

Dr. Jones is the surgeon who operated on Mr. Mendoza's finger. He is expected to testify regarding Mr. Mendoza's injuries, treatment, diagnoses, and prognosis as set forth in his medical records and reports previously provided to the Defendant.

## III. Memorandum of Supporting Law

The Plaintiff's Complaint seeks relief based on four separate causes of action: (1) Jones Act negligence; (2) Unseaworthiness; (3) Maintenance and Cure; and (4) Intentional/Negligent Failure To Provide Maintenance and Cure. The following is a statement of the legal elements for each of Plaintiff's causes of action. There are no unusual legal issues in this case.

### A. Jones Act Negligence

In order to sustain a Jones Act negligence case, the Plaintiff must prove that (1) he is a seaman, (2) he suffered personal injury in the course of his employment, (3) the Defendant was negligent, and (4) the Defendant's negligence played a part, however slight, in causing the Plaintiff's injuries. The Jones Act, 46 U.S.C. §688.

### B. Unseaworthiness

In order to sustain a claim for unseaworthiness, the Plaintiff must show that he, a seaman, sustained injuries as a result of a defective condition of the ship, its equipment or appurtenances. The Osceola, 189 U.S. 158, 23 S. Ct. 483,

47 L. Ed. 760 (1903); Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S. Ct. 926, 4 L. Ed. 2d 941 (1960). Unseaworthiness may also consist of using a dangerous or unsafe method of operating otherwise seaworthy equipment. Waldron v. Moore-McCormick Lines, Inc., 386 U.S. 724, 87 S. Ct. 1410, 18 L. Ed. 7d 482 (1967).

C. Maintenance and Cure

To sustain a claim for maintenance and cure, the Plaintiff must show that he suffered illness or injury in the service of the vessel. Warren v. United States, 340 U.S. 523, 71 S. Ct. 432, 95 L. Ed. 503 (1951).

Maintenance is the right of a seaman to food and lodging if he falls ill or becomes injured while in the service of a ship. Calmer SS. Corp. v. Taylor, 303 U.S. 525, 527, 58 S.Ct. 651, 653, 82 L.Ed. 993 (1938), motion denied 59 S.Ct. 56 (1938).

"Cure" is the right to necessary medical services. Vella v. Ford Motor Co., 421 U.S. 1, 95 S.Ct. 1381, 43 L.Ed. 2d 682 (1975).

D. Negligent/Intentional Failure To Pay Maintenance and Care

To sustain a claim for negligent failure to pay maintenance and cure, the Plaintiff must show that the Defendant unreasonably failed to pay maintenance and cure when due. Morales v. Garijak, Inc., 829 F. 2d 1355, 1988 AMC 1075 (5th Cir. 1987).

To sustain a claim for intentional failure to pay maintenance and cure, the Plaintiff must show that the Defendant arbitrarily,

willfully, or capriciously failed to pay maintenance and cure when due. Morales v. Garijak, Inc., 829 F. 2d 1355, 1988 AMC 1075 (5th Cir. 1987).

## IV. Exhibits to be Offered at Trial

1. Medical Records of Newport Hospital
2. Medical Bill of Aquidneck Orthopedics
3. Medical Bill of Aquidneck Radiologists, Inc.
4. Medical Bill of Newport Emergency Physicians
5. Medical Bill of Newport Anes Partners LLC
6. Settlement Sheets of the F/V Hope

## V. Anticipated Motions *in limine*

Plaintiff does not anticipate filing any motions *in limine* at this time.

## VI. Jury Instructions

The Plaintiff will file jury instructions separately.

## VII. Probable Length of Trial

Plaintiff estimates a two day trial.

## VIII. Additional Matters

The Defendant has failed to respond to Plaintiff's discovery requests which were served in October. Plaintiff has filed a

motion to compel and a motion for default with respect to Defendant's failure to comply with the discovery rules.

Respectfully submitted for the Plaintiff,
Carlos Mendoza, by his Attorney,

/s/ Kevin Donius

Kevin Donius, BBO # 551298
Law Offices of Kevin Donius, P.C.
424 Adams Street, Suite 100
Milton, MA 02186
TEL (617) 296-4900
FAX (617) 296-4990

Joshua R. Karns

Joshua R. Karns, Esq.
BBO # 662780
Karns Law Group
6 Valley Road
Middletown, RI 02842

Date: March 5, 2007

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non -registered participants on March 5, 2007.

/s/ Joshua R. Karns
Joshua R. Karns