**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF RHODE ISLAND**

Carlos Mendoza, )
Plaintiff, )
)
) CIVIL ACTION NO. 06-CV-0016-S-DLM
)
v. )
)
Newport Fish Market, LLC )
Defendant )

DEFENDANT'S OBJECTION TO MOTION FOR DISCOVERY AND FOR DEFAULT

Defendant upon the annexed memorandum respectfully objects to Plaintiff's Motion for Discovery and for Default.

\
Dated: 3/8/2007

Respectfully submitted,

William T. Murphy, Esq. (#1201)
Counsel for Defendant
William T. Murphy Law Offices, Inc.
312 Turks Head Building
P.O. Box 9623
Providence, RI 02940-9623
(401) 744-2336
Fax: (401) 751-5931
Email: wtm@wtmurphy.com

CERTIFICATE OF SERVICE

I certify that on 3/8/2007 I served a copy of the above objection and supporting memorandum upon counsel of record by mail addressed to counsel of record as follows:

Kevin Donius, Esq.
500 Granite Avenue
Milton, MA 02186

And

Robert T. Karns, Esq.
809 Acquidneck Avenue
Middletown, RI
02842

__________________________

**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF RHODE ISLAND**

Carlos Mendoza, )
Plaintiff, )
)
) CIVIL ACTION NO. 06-CV-0016-S-DLM
)
v. )
)
Newport Fish Market, LLC )
Defendant )

MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO MOTION FOR DISCOVERY AND FOR DEFAULT

The Defendant in this action is totally without assets of any monetary value. Its only asset is the Fishing Vessel Hope. It currently is tied to the dock at Parascondola's Fishing Dock, Perrymill Wharf, Newport, RI. The vessel sank at the dock, the Coast Guard paid for raising of the vessel, the costs to raise the vessel are reported to approximate $80,000. The Coast Guard is still investigating the facts and circumstances of the sinking, but the Coast Guard presumably has the right to seek restitution from the Defendant's assets.

Meanwhile, Parascandola has commenced a civil action in the Newport County Superior Court seeking a mandatory injunction that the Defendant remove the vessel (or what remains of it) from the dock. According to Matt Leyes, counsel for Parascandola in that action, the estimates of the vessel's salvage value range from zero to at most a few thousand dollars.

Finally, there is a lienholder on the vessel with respect to its purchase price.

It has seriously been suggested that the most economical way of handling the removal of the vessel is first to obtain the necessary permits from the Coast Guard to tow it from the dock. The second step of the process would be to sink it in Rhode Island Sound. Again, this is a serious suggestion.

The Defendant by telephone has tendered the vessel to Plaintiff in settlement of the claims asserted here. Upon immediate rejection of that tender, the Defendant has offered to consent to judgment. What remains in issue is the amount of that judgment.

That is the practical state of this case as of the filing of this Memorandum.

Dated: 3/8/2007

Respectfully submitted,

William T. Murphy, Esq. (#1201)
Counsel for Defendant
William T. Murphy Law Offices, Inc.
312 Turks Head Building
P.O. Box 9623
Providence, RI 02940-9623
(401) 744-2336
Fax: (401) 751-5931
Email: wtm@wtmurphy.com